Gary D. Sesser
Ronald D. Spencer
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York  10005
(212) 732-3200
*Attorneys for The Andy Warhol Foundation for the Visual Arts, Inc.,*
*Vincent Fremont, Vincent Fremont Enterprises, and The Andy Warhol*
*Art Authentication Board, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | |
|---|---|
| JOE SIMON-WHELAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>- against -<br><br>THE ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., THE ESTATE OF ANDY WARHOL, VINCENT FREMONT, Individually and Successor Executor for the Estate of Andy Warhol, VINCENT FREMONT ENTERPRISES, THE ANDY WARHOL ART AUTHENTICATION BOARD, INC., JOHN DOES 1-20, JANE DOES 1-10, and RICHARD ROES 1-10,<br><br>Defendants. | Index No. 07 CV 6423 (LTS) (AJP)<br><br>ECF CASE<br><br><br><br><br>**DECLARATION OF**<br>**GARY D. SESSER** |

------------------------------------------------------------------ X

    Gary D. Sesser hereby declares, under penalty of perjury, that the following is true and correct:

    1.  I am a member of the law firm of Carter Ledyard & Milburn LLP, attorneys for The Andy Warhol Foundation for the Visual Arts, Inc.; Vincent Fremont; Vincent Fremont Enterprises; and The Andy Warhol Art Authentication Board, Inc. ("Defendants"). I submit this

6225179.4

declaration in support of Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2.  Attached as **Exhibit A** is a true and correct copy of the letter, dated May 18, 2004, from The Andy Warhol Art Authentication Board, Inc. to Joe Simon-Whelan. This letter was attached in a barely legible form as Exhibit E to the Complaint and is materially misquoted in the Complaint. The Complaint quotes the letter of explanation as stating that "[t]he only aspect of the self-portraits that Warhol made in early 1964 that is *painted* is the black silkscreen impression" and that "as part of its research, the Board learned that the work you submitted and the nine identical examples were *painted* by a commercial printer in 1965." Compl., ¶129 (emphasis supplied). The letter attached hereto as Exhibit A in fact refers to these portions of Simon's work and the identical examples as being "printed," not "painted."

3.  Attached as **Exhibit B** is a true and correct copy of the Foundation's New York State amended certificate of incorporation, as amended and approved on February 5, 1988, which sets forth the Foundation's charitable purpose. Certificates of incorporation are publicly available from the New York State Department of State, Division of Corporations.

4.  Attached as **Exhibit C** is a true and correct copy of the title page and index of the catalogue raisonné of Andy Warhol's paintings and sculpture. The painting and sculpture catalogue raisonné is a publication available to the general public and accessible at public libraries (including the New York Public Library), which lists all known authentic Warhol paintings and sculpture. The index attached hereto lists 2,110 Warhol works created from 1961 through 1969 that are included in volumes 1, 2A, and 2B of the painting and sculpture catalogue raisonné, each with a unique catalogue number, and for many works, the name of the owner of the work. 1 *Andy Warhol Catalogue Raisonné: Paintings and Sculpture 1961–1963* (Georg Frei

& Neil Printz eds., 2001); 2A-2B *Andy Warhol Catalogue Raisonné: Paintings and Sculpture 1964-1969* (Georg Frei & Neil Printz eds., Sally King-Nero exec. ed., 2004). The paintings entitled *Green Car Crash*, also known as *Green Burning Car 1*, and *Lemon Marilyn* cited in the Complaint at paragraphs 2 and 8 are included in the painting and sculpture catalogue raisonné at catalogue numbers 425 and 255, respectively. Contrary to an implication in the Complaint, Vincent Fremont is not among the editors of the painting and sculpture catalogue raisonné. See Complaint ¶ 116 ("Fremont also advised Plaintiff that Double Denied was appropriate for photograph [sic] and inclusion in the Warhol Catalogue Raisonné"). The catalogue raisonné is referred to in the Complaint at ¶¶ 112, 116 and 164.

5.  Attached as **Exhibit D** is a true and correct copy of the title page from the catalogue raisonné of Warhol prints and an excerpt listing "published prints." The print catalogue raisonné is a publication available to the general public and accessible at public libraries (including the New York Public Library), which lists all known authentic Warhol prints. The chapter attached hereto identifies approximately 80,000 published prints, which are usually signed and numbered; other chapters identify representative examples of Warhol's unpublished prints, which include personal projects, commissioned projects, and portraits. *Andy Warhol Prints: A Catalogue Raisonné 1962-1987* (Frayda Feldman & Jorg Schellman eds., 4th ed. 2003) (revised and expanded by Frayda Feldman and Claudia Defendi). Tax returns for the Foundation, which are on Internal Revenue Service Form 990-PF, are made publicly available pursuant to the requirements of 26 U.S.C. § 6104(d). Tax returns for the Foundation for the last six years are available at no charge on the Foundation Center's web site at www.foundationcenter.org. Tax returns for the Foundation for most years dating back to 1995

6225179.4

are available at www.guidestar.org for a nominal $100 registration fee. Tax returns for the Foundation are cited in the Complaint at ¶¶53 and 55.

6. Attached as **Exhibit E** is a true and correct copy of the publicly available tax return of The Andy Warhol Foundation for the Visual Arts, Inc., the Internal Revenue Service Form 990-PF, for the fiscal year ending April 30, 1998. Plaintiff makes various allegations with respect to expenditures reflected in this filing for fiscal 1998. Complaint, ¶55. The filing for the fiscal year ending April 30, 1998 includes the following statements:

   a. More than $2 million in cash grants to support curatorial and historic preservation projects, plus gifts of artwork valued at more than $6 million. (Statement 15, a schedule listing all grants and the amounts).

   b. Compensation of $10,000 or less for outside board members. (Statement 13).

   c. A number of expenses particular to the Foundation's mission and programs, including $317,658 on art storage; $107,149 on curator fees; $101,493 on insurance; $319,049 on the catalogues raisonné, and $22,717 on the prints catalog, and salaries for curatorial staff.

   d. Disbursements for charitable purposes of $15,834,703 (line 26, column d), which total is comprised of $7,146,001 in administrative expenses (line 24, column d) and $8,688,702 in grants (line 25, column d).

7. Attached as **Exhibit F** is a true and correct copy of the public filing of The Andy Warhol Foundation for the Visual Arts, Inc., the Internal Revenue Service Form 990-PF, for the fiscal year ending April 30, 2006. This filing is cited by Plaintiff. Complaint ¶53. The filing for the fiscal year ending April 30, 2006 includes the following statements:

    a.    113 grants awarded to support the visual arts, totaling $7,985,854, plus five grants totaling $65,000 to foreign and private foundations. (Statement 25, a schedule listing all grants and the amounts). Such grants include $250,000 to The Andy Warhol Museum.

    b.    Compensation of $10,000 or less for outside board members. (Statement 19).

    c.    Salaries paid to curatorial staff and a licensing director. (Statement 20).

    d.    A number of expenses particular to the Foundation's mission and programs, $409,727 on "art storage and related exp."; $397,103 on curator and conservation exp."; $212,276 on insurance; and $18,100 on the catalogues raisonné. (Statement 8).

    e.    Disbursements for charitable purposes of $9,913,449 (line 26, column d), which total is comprised of $1,927,595 in administrative expenses (line 24, column d) and $7,985,854 in grants (line 25, column d).

8.    Attached as **Exhibit G** are excerpts from IRS Form 990-PFs for fiscal years ending April 30, 1989 through 2004 evidencing numerous other gifts of artwork by the Foundation in the amount of $78,438,080. Such gifts include outright gifts and sales through the "Museum Sales Program," which sells works to selected museum "at a price equal to one half or less of the Foundation's book value for that work" plus a "qualified grant" for the balance, with grantees selected based on location, collections, resources, and the "opportunity of making the art available to wide or new audiences." Such gifts include:

    a.    Gifts of artwork and film and video to The Andy Warhol Museum in fiscal years 1998, 1999, 2001, and 2002 totaling more than $67 million.

    b.    Approximately 93 works sold through the Museum Sales Program in fiscal years 1994, 1995, and 1996, with grants totaling more than $2.5 million.

Declaration pursuant to 28 U.S.C. §1746.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 14, 2007.

_____
Gary D. Sesser