# EXHIBIT B

## APPROVAL OF SUPREME COURT JUSTICE

I, **EDITH MILLER**, a Justice of the Supreme Court of the State of New York, First Judicial District, do hereby approve the annexed Certificate of Amendment of the Certificate of Incorporation of Andy Warhol's Foundation For the Visual Arts, Inc. and consent to its filing.

Dated: ~~January~~ FEB. 5, 1988.

NEW YORK COUNTY

_____
Justice of the Supreme Court of the State of New York, First Judicial District

Feb 2, 1988

THE UNDERSIGNED HAS NO OBJECTION TO THE GRANTING OF JUDICIAL APPROVAL HEREIN AND WAIVES STATUTORY NOTICE.

ROBERT ABRAMS, ATTORNEY GEN.
STATE OF NEW YORK

# CERTIFICATE OF AMENDMENT OF
## THE CERTIFICATE OF INCORPORATION

**P H**  OF  **P H**

## ANDY WARHOL'S FOUNDATION FOR THE VISUAL ARTS, INC.

Under Section 803 of the Not-for-Profit Corporation Law

---

**TREANOR, HARVEY & HORGAN**
ATTORNEYS AT LAW
515 MADISON AVENUE, NEW YORK, NEW YORK 10022
(212) 932-5000

**BILLED**

STATE OF NEW YORK
DEPARTMENT OF STATE

FILED FEB 12 1988
AMT. OF CHECK $ 50
FILING FEE $ 30
TAX $
COUNTY FEE $
COPY $ 10
CERT $
REFUND $
SPEC HANDLE $ 10

BY: _____

13-3410749

## CERTIFICATE OF INCORPORATION

OF

### ANDY WARHOL'S FOUNDATION FOR THE VISUAL ARTS, INC.

Under Section 402 of the Not-for-Profit Corporation Law.

The undersigned, a natural person of the age of eighteen or over, desiring to form a corporation pursuant to the provisions of the Not-for-Profit Corporation Law of New York, does hereby certify:

1. The name of the corporation (the "Foundation") is Andy Warhol's Foundation for the Visual Arts, Inc.

2. The Foundation is a corporation as defined in subparagraph (a)(5) of Section 102 of the New York Not-for-Profit Corporation law, and shall be a Type B corporation under Section 201 of the Not-for-Profit Corporation Law.

3. The purposes for which the Foundation is formed are to advance the visual arts, including without limitation the study, creation, preservation, exhibition and public understanding and appreciation thereof, and to conduct any and all lawful activities which may be necessary, useful or desirable for the furtherance or accomplishment of the foregoing purposes.

Nothing herein shall be construed as authorizing the Foundation to operate a school, institution of higher learning, library, museum, historical society or educational television station. Nor shall the Foundation engage in any of the professions designated in Title VIII of the Education Law.

4. In furtherance of the foregoing purposes, the Foundation shall have all of the general powers enumerated in Section 202 of the Not-for-Profit Corporation Law, together with the power to solicit grants and contributions for any corporate purpose and the power to maintain a fund or funds of real or personal property (or both) for any corporate purposes. The Foundation shall have the right to exercise such other powers as now are, or hereafter may be, conferred by law upon a corporation organized for the purposes hereinabove set forth or necessary or incidental to the powers so conferred or conducive to the furtherance thereof.

5. Notwithstanding any other provision of this certificate, the Foundation is organized exclusively for charitable, educational and artistic purposes, as specified in Section 501(c)(3) of the Internal Revenue Code of 1954, as amended, and the regulations thereunder, or the corresponding provision of any future United States internal revenue law ("the Code"), and shall not carry on any activities not permitted to be carried on by a corporation exempt from Federal income tax under the said Code section.

6. The Foundation is not formed for pecuniary profit or for financial gain, and no part of its assets, income or profit shall be distributed to or inure to the benefit of any private individual. Reasonable compensation, however, may be paid for services rendered to or for the Foundation in furtherance of one or more of its purposes. No private individual shall be entitled to share in the distribution of any of the corporate assets on dissolution of the Foundation.

7. Nothing herein shall authorize the Foundation, directly or indirectly, to engage in or include among its purposes any of the activities listed in Sections 404(b) through (u) of the Not-for-Profit Corporation Law.

8. In every taxable year in which the Foundation is a private foundation as defined in Section 509 of the Code:

    (a) The Foundation shall distribute its income for each taxable year at such time and in such manner as not to become subject to the tax on undistributed income under Section 4942 of the Code.

    (b) The Foundation shall not engage in any act of self-dealing which is subject to tax under Section 4941 of the Code.

    (c) The Foundation shall not retain any excess business holdings which are subject to tax under Section 4943 of the Code.

(d) The Foundation shall not make any investments in such manner as to subject it to tax under Section 4944 of the Code.

(e) The Foundation shall not make any taxable expenditures which are subject to tax under Section 4945 of the Code.

9. No substantial part of the activities of the Foundation shall be devoted to carrying on propaganda, or otherwise attempting to influence legislation (except to the extent authorized by Section 501(h) of the Code, during any fiscal year or years in which the Foundation has chosen to utilize the benefits authorized by such statutory provision), and the Foundation shall not participate or intervene in (including the publishing or distributing of statements) any political campaign on behalf of any candidate for public office.

10. The office of the Foundation shall be located in the County of New York, State of New York.

11. The names and addresses of the initial directors of the Foundation until the first annual meeting are as follows:

| Names | Addresses |
|---|---|
| Frederick Hughes | 1342 Lexington Avenue<br>New York, New York  10128 |
| Vincent Freemont | 51 Fifth Avenue<br>New York, New York  10003 |
| John Warhola | 1230 Ingham Street<br>Pittsburgh, Pennsylvania 15212 |

12. The Secretary of State is hereby designated as agent of the Foundation upon whom process against it may be served. The post office address to which the Secretary shall mail a copy of any process against the Foundation served upon him is: c/o Edward W. Hayes, Esq., Goldberg & Dubin, Suite 306, 401 Broadway, New York, New York 10013.

13. (a) Every person made a party to any action, suit, or proceeding by or in the right of the Foundation to procure a judgment in its favor by reason of the fact that he, his testator or intestate, is or was a director or officer of the Foundation or of any corporation which he served as such at the request of the Foundation, may be indemnified by the Foundation to the full extent permitted by law, against any and all reasonable expenses, including attorneys' fees, actually and necessarily incurred by him in connection with the defense of such action or in connection with any appeal therein, except in relation to matters as to which it shall be adjudged in such action, suit or proceeding that such officer or director has breached his duty to the Foundation.

(b) Every person made a party to any action, suit or proceeding other than one by or in the right of the Foundation to procure a judgment in its favor, whether civil or criminal, including an action by or in the right of any other corporation of any type or kind, domestic or foreign, which any director or officer of the Foundation served in any capacity at the request

of the Foundation, by reason of the fact that he, his testator or intestate, was a director or officer of the Foundation, or served such other corporation in any capacity, may be indemnified by the Foundation, to the full extent permitted by law, against judgment, fines, amounts paid in settlement, and reasonable expenses, including attorneys fees, actually and necessarily incurred as a result of such action, suit or proceeding, or any appeal therein, if such person acted in good faith for a purpose which he reasonably believed to be in the best interests of the Foundation, and, in criminal actions or proceedings, in addition, had no reasonable cause to believe that his conduct was unlawful.

14. In the event of dissolution, the assets and property of the Foundation remaining after payment of expenses and satisfaction of all liabilities shall be distributed to one or more charitable organizations as shall then qualify under Section 501(c)(3) of the Code. The selection of such organization(s) shall be made as follows:

(a) If Frederick Hughes is then a director of the Foundation, he shall select the recipient(s) of such assets and property. If Frederick Hughes is not then a director of the Foundation, such selection shall be made by Vincent Freemont, if he is then a director of the Foundation. Any selection made under this paragraph (a) shall be made within six (6) months of the date of dissolution of the Foundation and shall be subject to

-8-

the approval of a Justice of the Supreme Court of the State of New York (the "Supreme Court") or other court of competent jurisdiction.

(b) In the event that no selection has been made pursuant to paragraph (a) within the aforesaid six-month period, such selection shall be made by the Board of Directors of the Foundation, subject to the approval of the Supreme Court or other court of competent jurisdiction. Such selection by the Board of Directors shall be made within six (6) months of the date of dissolution of the Foundation.

(c) Any corporate assets not disposed of pursuant to paragraph (a) or (b) shall be disposed of in accordance with an order of the Supreme Court or other court of competent jurisdiction.

IN WITNESS WHEREOF, the undersigned has signed this certificate and affirmed as true the statements made herein under penalties of perjury this __1ST__ day of May, 1987.

                                        Gerald Dickler
                                      Incorporator
                                      460 Park Avenue
                                      New York, New York 10022

CERTIFICATE OF AMENDMENT OF

THE CERTIFICATE OF INCORPORATION

OF

ANDY WARHOL'S FOUNDATION FOR THE VISUAL ARTS, INC.

Under Section 803 of the Not-for-Profit Corporation Law

It is herby certified that

FIRST: The name of the Corporation is ANDY WARHOL'S FOUNDATION FOR THE VISUAL ARTS, INC.

SECOND: The Certificate of Incorporation of the Corporation was filed by the Department of State on May 26, 1987.

THIRD: The Corporation was formed under the Not-for-Profit Corporation Law.

FOURTH: The Corporation is a Corporation as defined in subparagraph (a)(5) of Section 102 of the Not-the-Profit Corporation Law.

FIFTH: The Corporation is a Type B Corporation under Section 201 of the Not-for-Profit Corporation Law. The type of Corporation which the Corporation shall hereafter be under Section 201 of the Not-for-Profit Corporation Law is Type B.

SIXTH: The amendment of the Certificate of Incorporation of the Corporation effected by this certificate is to change the name of the Corporation.

SEVENTH: To accomplish the foregoing amendment, Article 1 of the Certificate of Incorporation is hereby amended to read as follows:

1. The name of the Corporation (the "Foundation") is The Andy Warhol Foundation for the Visual Arts, Inc.

EIGHTH: The foregoing amendment of the Certificate of Incorporation of the Corporation was authorized on January 5, 1988 by the vote of at least a majority of the entire Board of Directors, the Corporation having no members.

NINTH: The Secretary of State is designated as the agent of the Corporation upon whom process against the Corporation may be served. The post office address within the State of New York to which the Secretary of State shall mail a copy of any process against the Corporation served upon him is:

> The Andy Warhol Foundation for the Visual Arts, Inc.
> 19 East 32nd Street
> New York, New York 10016

IN WITNESS WHEREOF, we have subscribed this document on January 5, 1988 and do hereby affirm under the penalties of perjury that the statements contained therein have been examined by us and are true and correct.

_____
Frederick Hughes, President

_____
Vincent Fremont, Secretary

STATE OF NEW YORK  )
                   )  SS.:
COUNYT OF NEW YORK )

    EDWARD W. HAYES, being duly sworn, deposes and says that he is an attorney and counsellor at law and the attorney for the corporation submitting the annexed Certificate of Amendment of the Certificate of Incorporation of Andy Warhol's Foundation For the Visual Arts, Inc., and that no previous application for the approval of said Certificate of Amendment by any Justice of the Supreme Court has ever been made.

                                              _/s/ Edward W. Hayes_

Sworn to before me this
5 day of January, 1988.

_/s/ Notary_
Notary Public

STATE OF NEW YORK    )
                     )   SS.:
COUNTY OF NEW YORK   )


FREDERICK HUGHES, being duly sworn, deposes and says that he is one of the persons who signed the foregoing certificate of amendment; that he signed said certificate in his capacity as President; that he has read the said certificate and knows the contents thereof; and that the statements contained therein are true to his own knowledge.

*/s/ Frederick Hughes*

Sworn to before me this
5 day of January, 1988

*/s/* Notary Public

FRANCIS J. HARVEY JR.
Notary Public, State of New York
No. 31-5755375
Qualified in New York County
Commission Expires August 31, 1988


STATE OF NEW YORK    )
                     )   SS.:
COUNTY OF NEW YORK   )


VINCENT FREMONT, being duly sworn, deposes and says that he is one of the persons who signed the foregoing certificate of amendment; that he signed said certificate in his capacity as Secretary, that he has read the said certificate and knows the contents thereof; and that the statements contained therein are true to his own knowledge.

*/s/ Vincent Fremont*

Sworn to before me this
5 day of January, 1988.

*/s/* Notary Public

FRANCIS J. HARVEY JR.
Notary Public, State of New York
No. 31-5755375
Qualified in New York County
Commission Expires August 31, 1988