UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOE SIMON-WHELAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>    -against-<br><br>THE ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., THE ESTATE OF ANDY WARHOL, VINCENT FREMONT, Individually and Successor Executor For the Estate of Andy Warhol, VINCENT FREMONT ENTERPRISES, THE ANDY WARHOL ART AUTHENTICATION BOARD, INC., JOHN DOES 1-20, JANE DOES 1-10, and RICHARD ROES 1-10,<br><br>       Defendants. | Case No. 07 Civ. 6423 (LTS) (AJP) |

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that I caused a true and correct copy of the attached Memo Endorsement dated September 11, 2007, to be served upon the following via electronic mail on the 11th day of September, 2007 and via U.S. Mail on the 17th day of September, 2007:

Gary D. Sesser
**CARTER LEDYARD & MILBURN LLP**
2 Wall Street
New York, New York 10005
sesser@clm.com

*Attorneys for Defendants The Andy Warhol*
*Foundation For The Visual Arts, Inc.,*
*Vincent Fremont, Vincent Fremont Enterprises,*
*and The Andy Warhol Art Authentication Board, Inc.,*

Dated: New York, New York
    September 17, 2007

                 _____
                 LEE A. WEISS



# DREIER LLP

ATTORNEYS AT LAW

Lee A. Weiss
Direct 212 652 3821
lweiss@dreierllp.com

September 11, 2007

**By Hand Delivery**

Honorable Laura Taylor Swain
United States District Judge
United States Courthouse
500 Pearl St., Room 755
New York, New York 10007

**MEMO ENDORSED**
IT IS ORDERED that counsel to whom **this Memo Endorsement** is sent is responsible for **faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do not fax such certification to Chambers.**

RE: *Joe Simon-Whelan v. The Andy Warhol Foundation for the Visual Arts, et al.*
Case No. 07-CV-6423

Dear Judge Swain:

As counsel for plaintiff, I write in response to defendants' request for an extension of the page limit in connection with their motion to dismiss. First, as I have communicated to defense counsel, as matter of professional courtesy, plaintiffs' counsel consents to the page extension sought by defendants. However, defense counsel fails to mention that the consent was based upon defense counsel's representation that it would consent to a similar extension for plaintiff's brief in opposition to the motion to dismiss. Thus, plaintiff respectfully requests that any increased page limit also apply to his opposition brief. [*Request granted.*]

Second, and more troubling, is defense counsel's decision, in connection with their unopposed application for additional pages, to provide the Court with their September 7, 2007 letter to plaintiff's counsel. This is potentially prejudicial to plaintiff, as it violates the spirit of Your Honor's Individual Practices, which we do not interpret as allowing correspondence to the Court to be used as a vehicle to offer one-sided argument on motions that have yet to be filed.

In view of the foregoing, yesterday I asked defense counsel to withdraw his letter and submit a new one that accurately summarized the parties' agreement and does not attach his September 7, 2007 letter. He responded that he would inform the Court that defendants consent to the page limit extension, but that he would not withdraw the letter. While plaintiff obviously disagrees with defendants' positions in the September 7, 2007 letter, we will address those positions directly with defense counsel, as required by Rule 2(b) of Your Honor's Individual Practices, and, if the parties cannot resolve their differences, in our opposition to defendants' motion to dismiss.

SO ORDERED.

/s/ Laura Taylor Swain 9/11/07
LAURA TAYLOR SWAIN

499 Park Avenue  New York, New York 10022
Telephone 212 328 6100  Facsimile 212 328 6101
Los Angeles   Stamford   Albany
www.dreierllp.com