# Exhibit A



# Exhibit B

**Andy Warhol Art Authentication Board, Inc.**

Date: December 21, 2001

Mr. Joe Simon
14 Langton Street
London SW10
ENGLAND

The following work of art,
purportedly created by Andy Warhol:

*Self-Portrait* (painting)

Dear Mr. Joe Simon:

You have asked the Andy Warhol Art Authentication Board, Inc. (the "Authentication Board") to examine for authenticity the work or works of art described above which you believe to have been created by Andy Warhol (the "Work"). You have warranted to us, and hereby confirm, that you are the sole owner of the Work ("Owner").

The Authentication Board will hold the Work until its representatives have completed their examination. Owner will insure the Work while it is in the Authentication Board's possession or control against any loss or damage in an amount deemed by Owner to be sufficient, and the Authentication Board shall have no liability whatsoever to Owner and Owner hereby indemnifies the Authentication Board and each Indemnitee (as hereinafter defined) and releases, waives, and covenants not to sue the Authentication Board or any other Indemnitee, based upon any claim or liability arising out of any loss of or damage to the Work. Owner will be responsible for all shipping and packing expenses. Should the Work not be retrieved by Owner after written notice from the Authentication Board to do so, the Authentication Board shall be free to dispose of the Work as it sees fit six months after the date of such notice.

525 West 20 Street, 7th floor    David Whitney, President
New York NY 10011               Robert Rosenblum, Treasurer
Telephone: 212.727.1735         Neil Printz, Secretary
Facsimile: 212.242.2836         Sally King-Nero

The Authentication Board will endeavor to form an opinion as to the authenticity of the Work as a work created by Andy Warhol. Upon completion of its examination, it may cause an identification number and a stamped or written legend in a form satisfactory to the Authentication Board to be written, stamped or otherwise affixed at such place on the Work as the Authentication Board determines to be appropriate; alternatively, it may deliver to you a photograph of the Work with such legend or other endorsement affixed to it. The legend will indicate the Authentication Board's opinion, or that the Authentication Board can form no opinion, as to the authenticity of the Work. The Authentication Board will not be responsible for any damage or impairment of value caused to the Work by the legend or endorsement, or the number, affixed by the Authentication Board.

Attached hereto as Exhibits A, B and C, respectively, are three forms of letters. A letter substantially in the form of one of these letters, with such variations as the Authentication Board considers appropriate under the circumstances, or if under the circumstances none of such forms of letter is appropriate a letter which addresses the specific circumstances of the case, will be delivered to you following completion of the Authentication Board's examination of the Work. A letter such as the one attached as Exhibit A will be delivered if the opinion of the Authentication Board is that the Work is a genuine work created by Andy Warhol; a letter such as the one attached as Exhibit B will be delivered if the opinion of the Authentication Board is that the Work is not a genuine work created by Andy Warhol; and a letter such as the one attached as Exhibit C will be delivered if the Authentication Board is unable at that time to form any opinion as to whether the Work is a genuine work created by Andy Warhol.

Notwithstanding the foregoing, if the Authentication Board has any reservations or uncertainty as to the ownership, provenance or authorization of the Work, or any other question about it, the Authentication Board may decline to issue any such letter until it is satisfied on the point.

The Authentication Board may make and retain photographs or other copies of the Work and may permit reproduction thereof in catalogues or other publications. The Authentication Board may also share such photographs or copies, and any other materials or information relating to the Work, with the Andy Warhol Foundation for the Visual Arts, Inc. (the "Foundation") and others. For a reasonable period of time, the Authentication Board intends to retain in its files a copy of the current letter of opinion described above, and to make copies of that letter available at the request of persons who the Authentication Board in its discretion determines to have an appropriate interest.

By signing this letter Owner:

(i) acknowledges that forming an opinion as to the authenticity of a work purporting to be by Andy Warhol is often very difficult and will in most cases depend upon subjective criteria which are not capable of proof or certainty, and that the conclusion, if any, reached by the Authentication Board respecting the Work is an opinion only, is in the absolute discretion of the Authentication Board, and, to the extent that the opinion is that the work is authentic, shall not be deemed or held out by Owner or any other person or entity to be a warranty of any kind;

(ii) agrees not to misrepresent or misstate the position of the Authentication Board expressed in any letter delivered pursuant to this letter, and to provide a copy of such letter to any person or entity to whom Owner may wish to transfer such work; and

(iii) hereby indemnifies the Authentication Board, the Foundation, the Estate of Andy Warhol (the "Estate"), and all members of and officers, directors, agents, representatives, employees and others at any time acting for the Authentication Board, the Foundation or the Estate (collectively, the "Indemnitees"), and agrees to defend and hold each Indemnitee harmless and releases, waives and covenants not to sue any Indemnitee, based upon any claim or liability asserted (a) by Owner or by any person or entity acquiring the Work, or any interest in the Work from Owner (a "Buyer") or any person or entity from whom Owner or any predecessor in interest acquired the Work which is based directly or indirectly on the legend or endorsement, if any, affixed to the Work, or on any letter herein referred to, or any other action by the Authentication Board or any other Indemnitee in connection herewith, including without limitation any claim that the opinion expressed therein is not correct, or (b) by any other person to whom Owner or the Buyer has made any statement or representation respecting the authenticity of the Work or any action of the Authentication Board or any other Indemnitee in connection therewith, and hereby agrees to pay or reimburse each Indemnitee for all costs and expenses incurred by the Indemnitee in connection with any such asserted claim or liability, including without limitation the fees and expenses of legal counsel.

Information may be received which causes the Authentication Board to doubt or to change the opinion, if any, expressed by it in a letter hereinabove referred to. In such event the Authentication Board may, but it shall be under no duty to, notify

Owner of such occurrence and deliver to Owner a substitute letter expressing the Authentication Board's revised opinion (if any). Owner agrees that (a) Owner will promptly return to the Authentication Board the original copy of any letter hereunder for which a substitute letter is issued to Owner if it is in Owner's power to do so; (b) Owner will use reasonable efforts to advise a Buyer or any subsequent owner known to Owner of any such change in the Authentication Board's opinion; and (c) if the Authentication Board's prior opinion was to the effect that the Work is authentic and this opinion changes, Owner will take any steps within Owner's power to correct the prior legend or endorsement, if any, on the Work.

Owner and the Authentication Board hereby waive any right to trial by jury in any proceeding pertaining to this Agreement and consent to the jurisdiction and venue of the courts of New York State and any United States District Court sitting in New York, New York in any proceeding pertaining to this Agreement to which Owner and the Authentication Board may be parties.

This Agreement is the entire agreement of the parties. No waiver or amendment of any provision hereof shall be valid unless it is in writing and expressly refers to this Agreement and is signed by the party against whom it is asserted.

ANDY WARHOL ART
AUTHENTICATION BOARD, INC.

By: _____
Title: Authorized Representative

Accepted and agreed to as of
date first above written

OWNER:
_____

Owner's Address
for any Notice
Hereunder:
1400 North Orange Grove Ave
Los Angeles CA. 90046

# ANDY WARHOL ART AUTHENTICATION BOARD, INC.
### 525 West 20th Street, 7th Floor
### New York, New York 10011

Date : _____

Applicant, Owner:

Description of Work:

Identification Number: _____

The Andy Warhol Art Authentication Board, Inc. (the "Authentication Board") has caused the above-described work to be examined by its representatives and to be endorsed with a legend which includes the foregoing identification number. It is the opinion of the Authentication Board that said work is the work of Andy Warhol.

THE FOREGOING IS MERELY AN OPINION BASED UPON AN INSPECTION OF THE WORK AND CIRCUMSTANCES KNOWN TO THE AUTHENTICATION BOARD AT THIS TIME, AND IS NOT A WARRANTY OF ANY KIND. NEITHER THE AUTHENTICATION BOARD, THE ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., THE ESTATE OF ANDY WARHOL, NOR ANY OF THEIR RESPECTIVE MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, AGENTS OR REPRESENTATIVES, OR OTHERS ACTING FOR ANY OF THEM, OR THEIR SUCCESSORS, SHALL HAVE ANY LIABILITY WHATSOEVER TO ANYONE BY REASON OF THE FOREGOING OPINION.

<u>The foregoing opinion may change by reason of circumstances arising or discovered by the Authentication Board after the date hereof.</u> The Authentication Board will endeavor to respond to inquiries by individuals or entities having, in the Authentication Board's absolute discretion, sufficient basis for making inquiries as to whether such a change has occurred. This letter is subject to the terms and conditions of the letter agreement pursuant to which it has been issued.

ANDY WARHOL ART
AUTHENTICATION BOARD, INC.

By: _____
Authorized Representative

4/1/95

**ANDY WARHOL ART AUTHENTICATION BOARD, INC.**
525 West 20th Street, 7th Floor
New York, New York 10011

Date : _____

Applicant, Owner:

Description of Work:

Identification Number: _____

    The Andy Warhol Art Authentication Board, Inc. (the "Authentication Board") has caused the above-described work to be examined by its representatives and to be endorsed with a legend which includes the foregoing identification number. It is the opinion of the Authentication Board that said work is not the work of Andy Warhol.

    THE FOREGOING IS MERELY AN OPINION BASED UPON AN INSPECTION OF THE WORK AND CIRCUMSTANCES KNOWN TO THE AUTHENTICATION BOARD AT THIS TIME. NEITHER THE AUTHENTICATION BOARD, THE ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., THE ESTATE OF ANDY WARHOL, NOR ANY OF THEIR RESPECTIVE MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, AGENTS OR REPRESENTATIVES, OR OTHERS ACTING FOR ANY OF THEM, OR THEIR SUCCESSORS, SHALL HAVE ANY LIABILITY WHATSOEVER TO ANYONE BY REASON OF THE FOREGOING OPINION.

    This letter is subject to the terms and conditions of the letter agreement pursuant to which it has been issued.

ANDY WARHOL ART
AUTHENTICATION BOARD, INC.

By: _____
    Authorized Representative

4/1/95

# ANDY WARHOL ART AUTHENTICATION BOARD, INC.
525 West 20th Street, 7th Floor
New York, New York 10011

Date : _____

Applicant, Owner:

Description of Work:

Identification Number: _____

The Andy Warhol Art Authentication Board, Inc. (the "Authentication Board") has caused the above-described work to be examined by its representatives and to be endorsed with a legend which includes the foregoing identification number. The Authentication Board is not able at this time to form an opinion as to whether said work is, or is not, the work of Andy Warhol.

NEITHER THE AUTHENTICATION BOARD, THE ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., THE ESTATE OF ANDY WARHOL, NOR ANY OF THEIR RESPECTIVE MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, AGENTS OR REPRESENTATIVES, OR OTHERS ACTING FOR ANY OF THEM, OR THEIR SUCCESSORS, SHALL HAVE ANY LIABILITY WHATSOEVER TO ANYONE BY REASON OF THE FOREGOING.

The Authentication Board's inability to form an opinion may change by reason of circumstances arising or discovered by the Authentication Board after the date hereof. The Authentication Board will endeavor to respond to inquiries by individuals or entities having, in the Authentication Board's absolute discretion, sufficient basis for making inquiries as to whether such a change has occurred. This letter is subject to the terms and conditions of the letter agreement pursuant to which it has been issued.

ANDY WARHOL ART
AUTHENTICATION BOARD, INC.

By: _____
Authorized Representative

4/1/95

# Exhibit C



# Exhibit D

FEB 07 '02 02:43PM WARHOL                                              P.1/1

# Andy Warhol Art Authentication Board, Inc.

EXHIBIT B

Date: February 7, 2002

Applicant, Owner: Joe Simon

Description of Work: *Self-Portrait*
Silkscreen ink on canvas, 24 x 20"

Identification Number: B101.021

The Andy Warhol Art Authentication Board, Inc. (the "Authentication Board") has caused the above-described work to be examined by its representatives and to be endorsed with a legend which includes the foregoing identification number. It is the opinion of the Authentication Board that said work is **not** the work of Andy Warhol.

THE FOREGOING IS MERELY AN OPINION BASED UPON AN INSPECTION OF THE WORK AND CIRCUMSTANCES KNOWN TO THE AUTHENTICATION BOARD AT THIS TIME. NEITHER THE AUTHENTICATION BOARD, THE ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., THE ESTATE OF ANDY WARHOL, NOR ANY OF THEIR RESPECTIVE MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, AGENTS OR REPRESENTATIVES, OR OTHERS ACTING FOR ANY OF THEM, OR THEIR SUCCESSORS, SHALL HAVE ANY LIABILITY WHATSOEVER TO ANYONE BY REASON OF THE FOREGOING OPINION.

This letter is subject to the terms and conditions of the letter agreement pursuant to which it has been issued.

ANDY WARHOL ART
AUTHENTICATION BOARD, INC.

By: *[signature]*
Authorized Representative

525 West 20 Street, 7th floor    David Whitney, President
New York NY 10011                Robert Rosenblum, Treasurer
Telephone: 212.727.1735          Neil Printz, Secretary
Facsimile: 212.242.2838          Sally King-Nero

# Exhibit E

# Andy Warhol Art Authentication Board, Inc.

May 18, 2004

Joe Simon
14 Langton Street
London SW 10 OJH
ENGLAND

Dear Mr. Simon,

It is the opinion of the Andy Warhol Art Authentication Board that the work you submitted "Self Portrait," marked by the Board "B101.021" and "B138.032" on the verso, is not a work by Andy Warhol for the following reasons:

- The series of self-portraits that Andy Warhol made in early 1964 consists of a group of works of the same size, produced from the same photographic source. Eleven works of this type have been documented by the editors of the Andy Warhol Catalogue Raisonné thus far. Each work in this series is different from all the others as noted below. This is not the case with respect to the work you submitted to the Andy Warhol Art Authentication Board.
  To date, ten paintings have been examined by the Andy Warhol Art Authentication Board that are identical to each other and to the work you submitted. The existence of ten identical works is without precedent in the corpus of Warhol's paintings.

- The background of the self-portraits that Andy Warhol made in early 1964 is painted by hand; and each background has been painted a different color. The background of the painting you submitted and the backgrounds of the nine identical examples are printed, not hand-painted.

- The eyes, skin tones, and the silver hair in the self-portraits that Andy Warhol made in early 1964 are hand-painted; the color of the eyes varies from work to work. The eyes, skin tones, and hair in the work you submitted and in the nine identical examples are printed, not hand-painted.

- The only aspect of the self-portraits that Warhol made in early 1964 that is printed is the black silkscreen impression, printed over the areas of hand-painted color. Each impression varies among the works made by Warhol, as does the registration of the black screen over the areas of hand-painted color. This is not the case with respect to the work you submitted and the nine identical examples.

- Warhol's self-portraits of early 1964 were all made on linen. The work you submitted and the nine identical examples were made on cotton.

525 West 20 Street, 7th floor      David Whitney, President
New York NY 10011                  Robert Rosenblum, Treasurer
Telephone: 212 777 1735            Neil Printz, Secretary
Facsimile: 212 742 7858            Sally King-Nero

- Warhol's self-portraits were produced from a photograph that he submitted to the silkscreen fabricator with his instructions on a paste-up mechanical. The photograph in the mechanical was reproduced by the silkscreen fabricator onto a photo-sensitive silkscreen. The silkscreen was used by Warhol to depict the outlines of the head and the features of the face. The tones from the photograph seen on the canvas as a pattern of black dots are known as halftone. The density of the halftone in the work you submitted to our review and in the nine identical examples is reduced, as compared to the density of the halftones on Warhol's early 1964 canvases, indicating the work you submitted and the other nine identical works examined by the Board were not made from the same silkscreen that Warhol used to make this series of work in early 1964.

- Finally, as part of its research, the Board learned that the work you submitted and the nine identical examples were printed by a commercial printer in 1965. This printer claimed that he received materials and specifications from another party, and had never had any contact with Warhol himself.

This contradicts the way Warhol worked. To be as precise as possible, during the 1960s Warhol's paintings were made in his studio. Only the screens that he used to make his paintings were fabricated outside the studio. However, these silkscreens were reproduced from a paste-up mechanical that was made by Warhol; the silkscreens were fabricated by printers whom Warhol had worked with on a regular basis; and were then printed in Warhol's studio. Moreover, silkscreen printing was part of a more complex process of making a painting that characteristically included areas of hand-painting. These paintings were made by Warhol himself or by Warhol with the help of a studio assistant, who worked directly under his supervision. The Board knows of no independently verifiable documentation from the period in question, 1964 through 1965, to indicate or to suggest that Warhol sanctioned or authorized anyone to make the work that you submitted to our review or the nine identical examples. This letter is provided to you subject to the terms and conditions of the Letter of Consent dated December 21, 2001 and January 31, 2003.

The Board trusts that this will explain the criteria of its opinion.

Sincerely,

ANDY WARHOL ART AUTHENTICATION BOARD, INC.

2

TOTAL P.04