```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
Joe Simon-Whelan, Individually, And On          :   No. 07 Civ. 6423 (LTS)(AJP)
Behalf Of All Others Similarly Situated,        :
                                                :   JOINT PRELIMINARY PRE-
                        Plaintiff,              :   TRIAL STATEMENT
                                                :
        - against -                             :
                                                :
The Andy Warhol Foundation for the Visual       :
Arts, Inc., et al.,                             :
                                                :
                        Defendants.             :
------------------------------------------------------------ X
```

Plaintiff Joe Simon-Whelan, by his attorneys Dreier LLP and Redniss & Associates LLC, and Defendants The Andy Warhol Foundation for the Visual Arts, Inc., Vincent Fremont, Vincent Fremont Enterprises, and The Andy Warhol Art Authentication Board, Inc. (collectively "Defendants"), by their attorneys Carter Ledyard & Milburn LLP, hereby jointly submit the following statement pursuant to this Court's initial conference order:

a. **A concise statement of the nature of this action.**

This is a proposed class action against Defendants and other unnamed defendants (Richard Roes 1-10) based upon their allegedly anticompetitive actions in connection with the authentication process for artwork by the late Andy Warhol. Plaintiff also asserts class action claims for unjust enrichment and a declaratory judgment that a letter agreement and covenant not to sue is unenforceable. Plaintiff also asserts individual claims for violations of the Lanham Act, New York's Donnelly Act, and fraud.

b. **A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

6268588.4

Plaintiff asserts that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1337(a) based on Plaintiff's claims under the Sherman Act, Clayton Act and Lanham Act. *See* Am. Compl. ¶¶ 192, 193. Plaintiff also asserts that this court has "pendent jurisdiction" to consider his state law claims. *See* Am. Compl. ¶ 194.

Defendants' Motion to Dismiss the Amended Complaint, filed and served on November 30, 2007 ("Motion to Dismiss"), seeks to dismiss all of Plaintiff's claims including those claims upon which federal jurisdiction allegedly rests. Pending a decision on the Motion to Dismiss, Defendants do not contest this Court's jurisdiction.

c.     **A concise statement of all material uncontested or admitted facts.**

1) Simon owns a work of art bearing the image of Andy Warhol ("The Work"); 2) Simon purchased The Work in 1989, and did not purchase it from any of the Defendants; 3) on or about December 21, 2001, Simon asked the Board to render an opinion on the authenticity of The Work and signed a letter agreement, attached to the Amended Complaint as Exhibit B; 4) on or about February 7, 2002, the Board sent a letter to Simon expressing its opinion that The Work is not the work of Andy Warhol, attached to the Amended Complaint as Exhibit D; 5) in December 2003, Simon resubmitted The Work with additional documentation, again asking the Board to render an opinion, and again signing a letter agreement with substantively the same terms as in Exhibit B to the Amended Complaint; 6); on or about July 14, 2003, the Board sent a letter to Simon in which it adhered to its opinion that The Work is not by Andy Warhol; 7) on or about May 18, 2004, the Board provided Simon with a written explanation for its opinion attached to the Amended Complaint as Exhibit E; and 8) after Warhol's death in 1987, Warhol's estate contained nearly 100,000 Warhol works.

d. **A concise statement of all uncontested legal issues.**

The parties do not currently contest that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1337(a) based on Plaintiff's claims under the Sherman Act, Clayton Act and Lanham Act.

e. **A concise statement of all legal issues to be decided by the Court.**

The legal issues contested by the parties are set forth in detail in Defendants' Motion to Dismiss the Amended Complaint, filed on November 30, 2007, and Plaintiff's opposition to the motion, filed on January 10, 2008. The parties respectfully incorporate those pleadings as if fully set forth herein.

f. **Each party's concise statement of material disputed facts.**

Defendants have filed a Motion to Dismiss and therefore have not filed an answer to the Amended Complaint. Resolution of the Motion to Dismiss may dismiss all allegations that will be material to Plaintiff's claims. Defendants dispute, *inter alia*, all allegations of a conspiracy to artificially inflate prices; of fraud allegedly committed against Plaintiff; of alleged violations of the Lanham Act; of alleged unjust enrichment; and allegations of any other improper or illegal actions related to the Board's opinion that Plaintiff's work is not by Andy Warhol.

g. **A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.**

This is a proposed class action based upon alleged violations of Sections 1 and 2 of the Sherman Act, unjust enrichment and for declaratory judgment. Plaintiff intends to seek certification of a class pursuant to Fed. R. Civ. P. 23(b)(2) and (3). Plaintiff also

asserts individual claims based upon alleged violations of the Lanham Act, New York's Donnelly Act, and fraud.

Defendants may assert a counterclaim for breach of contract and indemnification based on the letter agreements Plaintiff signed in December 2001 and again in December 2003 (see Exhibit B, Amended Complaint), and seek damages including recovery of all costs and legal fees as provided for in those agreements, on the grounds that both of those agreements signed by Plaintiff contain a covenant not to sue and an undertaking to indemnify the Defendants.

**h.    Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.**

Defendants may assert additional defenses, if necessary, following the resolution of the Motion to Dismiss. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss Amended Complaint, November 30, 2007.

**i.    A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.**

With respect to each cause of action in the Amended Complaint, the burden of proof falls on the Plaintiff. Plaintiff's fraud cause of action and his claim for punitive damages each require proof by clear and convincing evidence. As set forth in the briefs filed so far in connection with the Motion to Dismiss, Defendants contend, and Plaintiff disagrees, that all causes of action based on alleged fraudulent conduct must be established by clear and convincing evidence. Defendants contend that a "high order of evidence" is required for Plaintiff to rebut the "heavy presumption" that the signed writing attached as Exhibit B, which includes a covenant not to sue and agreement to indemnify the Board, Foundation, and Estate and their directors, officers, and agents, is

not enforceable. *Chimart v. Paul*, 66 N.Y.2d 570, 574-75 (1986). Plaintiff contends that the standard of proof on his declaratory judgment claim is a preponderance of evidence. *See Premo Pharmaceutical Laboratories, Inc. v. U.S.*, 475 F.Supp. 52 (S.D.N.Y. 1979) ("[T]he plaintiff, having established its right to relief by the requisite preponderance of credible evidence, will be awarded the declaratory judgment it seeks."), rev'd on other grounds by *Premo Pharmaceutical Laboratories, Inc. v. U.S.*, 629 F.2d 795 (2nd Cir. 1980). Other claims require proof by a preponderance of evidence.

Defendants will bear the burden of proof for their counterclaim based on the letter agreements Plaintiff signed in December 2001 and December 2003. Defendants may assert affirmative defenses.

j.  **Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefore.**

Plaintiff filed an Amended Complaint on October 19, 2007. Pending a resolution of the Motion to Dismiss, proposals for any further deadlines would be premature.

k.  **A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).**

The parties do not consent to transfer of the case to a magistrate judge.

l.  **What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.**

Defendants contend that it is premature for the parties to make Fed. R. Civ. P. 26(a)(1) disclosures or begin any discovery until the Court resolves the Motion to Dismiss. Here, discovery with respect to Plaintiff's claim that there was a 20-year conspiracy among defendants would be extensive and costly. Plaintiff claims that Defendants conspired with at least ten unidentified conspirators (Richard Roes 1-10) of

unknown size and unknown location from whom discovery would be required. The United States Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) stated that under the circumstances at issue here, where a motion to dismiss is pending regarding antitrust allegations, discovery should be stayed pending resolution of the motion. See id. at 1967 ("it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence."). Moreover, when Plaintiff submitted his work to the Authentication Board, he twice signed a covenant not to sue and indemnification for legal costs, which, if valid, would impose all costs of discovery on him, exposing Plaintiff to substantial damages. Plaintiff, who has known and contemplated his action for years, would suffer no prejudice from delay in discovery. Finally, Defendants are charitable organizations and any costs of discovery ultimately borne by them would reduce their charitable endeavors, such as financial grants to artists. Defendants also note that Plaintiff first advised Defendants of his position with respect to discovery on the date of this Statement, in response to Defendants' initiative to comply with this Court's pre-trial order. Following this Court's rules, Defendants have been under no obligation to move for a stay of discovery.

Plaintiff contends that in addition to the fact that Defendants have never sought a stay from the Court, there is no basis for a stay. The concerns in Twombly are not present here, as there is no reason to think that discovery will impose an enormous expense upon the parties. In this case, by contrast, that risk is minimized. The Foundation and the Authentication Board are small private organizations with ready

access to discoverable material, and, importantly, defendants' counsel has represented the defendants continuously for close to 20 years, and themselves authored and maintained many of the documents and agreements at the heart of this case. Additionally, Defendants will not face a particularly large burden with respect to Plaintiff's discovery of third parties, as it is typically not appropriate for a defendant to raise a burden argument regarding the discovery obligations of non-parties. Moreover, the Submission Agreement and when Plaintiff chose to commence this litigation have nothing to do with Twombly, and as such, are not relevant as to whether or not there should be a stay of discovery. Further, Defendants' contention that there should be a blanket rule insulating charitable organizations from discovery prior to the resolution of motions to dismiss is obviously without basis or merit. Finally, Defendants' contention about when they learned of Plaintiff's position has nothing to do with the determination as to whether there should be a stay of discovery, as it is Defendants' burden to demonstrate the need for a stay, not Plaintiff's burden to demonstrate that there should not be a stay.

Thus, Plaintiff proposes that the parties make Fed. R. Civ. P. 26(a)(1) disclosures by February 15, 2008.

m.  **The subjects on which disclosure may be needed and a proposed discovery cut-off date.**

As stated in response to question "l" above, Defendants contend that it is premature for the parties to provide a listing of subjects on which disclosure may be needed and proposals for any discovery cut-off dates, until the Court resolves their motion to dismiss.

As stated in the response to question "l" above, Plaintiff disagrees that there should be a discovery stay. Thus, Plaintiff proposes a fact discovery cut-off date of

October 31, 2008. Plaintiff anticipates that discovery may be needed on the following topics, among others: class action/certification issues; Defendants' conduct and communications with respect to Plaintiff; Defendants' standards and decision-making processes with respect to the authentication of Warhol artworks in general; Defendants' holdings of Warhol artworks; revenue generated from sales of Warhol artworks; previous Warhol authentication decisions, including the reversals of any such decisions; Defendant Vincent Fremont's association with, and compensation flowing from, Defendants The Andy Warhol Foundation for the Visual Arts, Inc. and The Andy Warhol Art Authentication Board, Inc.; and third-party discovery, including any agreements and/or understandings between art galleries and collectors, on the one hand, and Defendants, on the other hand, relating to the direct purchase of Warhol artworks.

**n.    Whether and to what extent expert evidence will be required, and proposed deadline for expert discovery.**

Defendants contend that it is premature for the parties to provide a description regarding expected requirements for expert discovery until the Court resolves their Motion to Dismiss.

Plaintiff proposes the following schedule for expert discovery:

December 5, 2008 -- Disclosure of Plaintiff's Expert(s) and Report(s).

January 9, 2009 -- Disclosure of Defendants' Expert(s) and Report(s).

February 6, 2009 -- Disclosure of Plaintiff's Rebuttal Expert(s) and Report(s)

March 26, 2009 -- Deposition of Experts to be completed.

Plaintiff anticipates that expert evidence will be required in the litigation of this matter, particularly on the subjects of economic issues implicated by the allegations of the Amended Complaint, including, without limitation, the effect that Defendants'

alleged conduct has had on the market for Warhol artworks; and the value of Plaintiff's painting absent the denials of authenticity.

o. **What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

As stated in response to question "l" above, Defendants contend that it is premature for the parties to set any discovery schedule until the Court has ruled on their Motion to Dismiss.

As stated in the response to question "l" above, Plaintiff disagrees that there should be a discovery stay. Plaintiff does not anticipate any need for changes is the discovery limitations imposed under the Federal Rules of Civil Procedure; however, should a need arise in the future, Plaintiff will work with Defendants in good faith to avoid any disputes over limitation on discovery and to promptly submit to the Court any such disputes that cannot be so resolved.

p. **The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.**

The parties met through counsel in 2004 to discuss resolution of this dispute. No settlement was achieved at that time. The parties believe that there is no reasonable prospect for settlement at this time.

q. **A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.**

Plaintiff has demanded a trial by jury. Defendants contend that Plaintiff waived trial by jury in the letter agreements.

Pending a resolution of the Motion to Dismiss, it would be premature to estimate the number of trial days anticipated.

r.  Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

Defendants maintain that pending a resolution of the Motion to Dismiss, proposals for orders that should be entered pursuant under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c) would be premature. Plaintiff does not anticipate the need for any orders entered pursuant to Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c) in the litigation of this matter.

Dated: New York, New York
January 14, 2008

DREIER LLP

By: _____
Lee A. Weiss
Brian C. Kerr
Andrew Wilmar
499 Park Avenue
New York, New York 10022
(212) 328-6100

CARTER LEDYARD & MILBURN LLP

By: _____
Gary D. Sesser
Ronald D. Spencer
Two Wall Street
New York, New York 10005
(212) 732-3200
*Attorneys for Defendants The Andy Warhol Foundation for the Visual Arts, Inc., Vincent Fremont, Vincent Fremont Enterprises, and The Andy Warhol Art Authentication Board, Inc.*

REDNISS & ASSOCIATES LLC

By: _____
Seth Redniss
185 Franklin Street, 5th Floor
New York, New York 10013
(212) 334-9200
*Attorneys for Plaintiff*