LAW OFFICES

# BROWNE WOODS GEORGE LLP

MARTA B. ALMLI
IRA G. BIBBERO
MICHAEL A. BOWSE
ROBERT B. BROADBELT
ALLAN BROWNE*
ERIC M. GEORGE
BRIAN C. KERR** ****
SYLVIA P. LARDIERE
SUSAN K. LEADER
SONIA Y. LEE
OLIVIA VASILESCU PALMER**
MARCY RAILSBACK
PETER W. ROSS
BENJAMIN D. SCHEIBE
MANSI SHAH
REBECCA TINGEY**
LEE A. WEISS** ***
KEITH J. WESLEY
GENE WILLIAMS
ANDREW WILMAR**
EDWARD A. WOODS
DAVID ZIFKIN

*A PROFESSIONAL CORPORATION
**ADMITTED IN NEW YORK
***ADMITTED IN TEXAS
****ADMITTED IN CONNECTICUT

43 WEST 57TH STREET, 15TH FLOOR
NEW YORK, NEW YORK 10018
TELEPHONE (212) 354-4901
FACSIMILE (212) 354-4904

2121 AVENUE OF THE STARS
SUITE 2400
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 274-7100
FACSIMILE (310) 275-5697
www.bwgfirm.com

LOS ANGELES, CA
NEW YORK, NY

OUR FILE NO.

Lee A. Weiss
lweiss@bwgfirm.com

September 30, 2009

## VIA FACSIMILE

The Honorable Laura Taylor Swain
United States District Judge
United States Courthouse
500 Pearl Street, Room 755
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 0 1 2009
```

Re: *Simon-Whelan v. The Andy Warhol Foundation for the Visual Arts*
    Case No. 07-CV-6423 (LTS)

Dear Judge Swain:

    I write on behalf of plaintiff Joe Simon-Whelan to request an immediate telephone conference with the Court concerning the recent appearance filed by Boies, Schiller & Flexner LLP ("BSF") on behalf of the defendants, and plaintiff's intent to file a disqualification motion on the grounds that, among other things, BSF has an ethical conflict pursuant to Rule 1.18 of the New York Rules of Professional Conduct ("Duties to Prospective Clients").

    On September 23, 2009, plaintiff's counsel received a message from Nicholas Gravante and Phil Iovieno from BSF stating that they had been retained by defendants to take the case over from Carter Ledyard & Milburn LLP ("CLM"), and that substitution papers were forthcoming. When we informed our client of this fact, we were surprised to learn that on a number of occasions over the last few years (including as recently as January 2009), Mr. Simon-Whelan had extensive communications with attorneys at BSF (including Jonathan Schiller, BSF's co-founder and a Managing Partner) concerning BSF's possible representation of Mr. Simon-Whelan in this matter. As will be detailed in our motion, these discussions were substantive and significant, and related to a number of key issues in this case, including Mr. Simon-Whelan's thoughts on voiding the Warhol Authentication Board's submission agreement

LAW OFFICES
**BROWNE WOODS GEORGE LLP**

Honorable Laura Taylor Swain
September 30, 2009
Page 2 of 3

(which plaintiff sent to BSF to assist with its analysis,), as well as other of Mr. Simon-Whelan's objectives in the lawsuit.

On September 25, 2009, prior to plaintiff's counsel having had the opportunity to raise the conflict issue with BSF, David Boies and Mr. Gravante filed notices of appearance in this case. As no substitution papers were filed at that time (and none have been filed to date), plaintiff's counsel called Gary Sesser of CLM to find out whether his firm was going to remain in the case. While Mr. Sesser declined to formally confirm if his firm was being replaced, he said that we should be dealing with BSF from now on and could expect formal substitution.

On September 28, 2009, plaintiff's counsel wrote to Messrs. Boies and Gravante to advise them that plaintiff would object to their appearances due to a conflict arising from BSF's extensive dealings with Mr. Simon-Whelan concerning its potential representation of him in this action. We asked BSF to confirm that it was aware of the conflict when it accepted the engagement to represent defendants, and if they did not intend to withdraw, whether (and why) BSF has determined that none of its dealings with plaintiff create a conflict that prevents BSF from representing the defendants in this matter. The letter also stated that in light of our belief that BSF could not represent defendants due to the conflict, plaintiff would not continue with discovery until the issue was resolved

Yesterday, we received a letter from Mr. Gravante in which he stated that BSF is "unaware of any communications with the plaintiff, including between Jonathan Schiller and the plaintiff." Mr. Gravante conspicuously failed to indicate whether he had spoken with Mr. Schiller about the issue, or done anything else to learn about his firm's dealings with the plaintiff. Mr. Gravante's blind-eye is not surprising since we know Mr. Schiller was emailing with our client about this matter as recently as January 2009.[1]

In addition to reflecting a failure of BSF to investigate plaintiff's assertions of a serious conflict of interest, Mr. Gravante's letter also refuses to confirm CLM's role in this case going forward and contends that plaintiff will be in default for failing to serve responses and objections to defendants' document requests, which were due yesterday. Such a position is untenable given the serious issues raised by our letter.

Accordingly, because of the extensive dealings between plaintiff and BSF concerning BSF's possible representation of him in this matter, and BSF's failure to address the conflict issue, plaintiff believes that it is entirely appropriate to briefly delay discovery until the conflict issue is resolved. While plaintiff has no desire to delay, it is important that BSF be prevented from participating in the case until this serious conflict issue is resolved. To the extent that the Court decides to disqualify BSF, plaintiff will undoubtedly be prejudiced if he provides any discovery to BSF.

---

[1] Mr. Gravante's letter also asked that *we* provide him with more information about the conflict. We believe Mr. Gravante and the attorneys at BSF are more than qualified to handle an investigation such as this.

LAW OFFICES
**BROWNE WOODS GEORGE LLP**

Honorable Laura Taylor Swain
September 30, 2009
Page 3 of 3

      Thus, we respectfully request a brief telephone conference with the Court to discuss a briefing schedule for plaintiff's motion so that it can be resolved at our next scheduled conference with the Court. Mr. Gravante has advised us that he is not available on October 9, 2009, which was the date previously set by the Court before BSF appeared in the case. We do not object to a brief adjournment and believe some extra time may be necessary so that our motion can be fully briefed for Your Honor.

Respectfully submitted,

Lee A. Weiss

cc: Gary D. Sesser, Esq. (*via e-mail*)
Nicholas A. Gravante, Jr., Esq. (*via e-mail*)
David Boies, Esq. (*via e-mail*)

---

*Handwritten order:*

The request for adjournment of the conference is denied. The request for the telephone conference in connection with a motion is denied. The plaintiff may file the proposed motion which will be briefed in accordance with the local rules schedule.

So ordered.

[signature] USDJ

10/1/09