UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOE SIMON-WHELAN,

        Plaintiff,

   -against-

THE ANDY WARHOL FOUNDATION
FOR THE VISUAL ARTS, INC., et al.,

        Defendants.
------------------------------------------------------X
SUSAN SHAER,

        Plaintiff,

   -against-

THE ANDY WARHOL FOUNDATION
FOR THE VISUAL ARTS, INC., et al.,

        Defendants.
------------------------------------------------------X

07-Civ-6423 (LTS) (AJP)

10-Civ-0373 (LTS) (AJP)

## DECLARATION OF SETH REDNISS

I, SETH REDNISS, hereby declare as follows:

1.    I am sole member of the law firm Redniss LLC, counsel for plaintiffs Joe Simon-Whelan and Susan Shaer ("Plaintiffs"). I submit this declaration in support of my motion to withdraw as Plaintiffs' counsel. This declaration is submitted on the basis of personal knowledge, except where otherwise noted.

2.    The reason for my application is simple: despite the 30-day stay granted at the September 16, 2010 conference and this Court's Order dated September 16, 2010, Plaintiffs have not retained substitute counsel. Nor are they willing to devote the financial resources necessary to support the case going forward, or to enter into a new retainer arrangement that takes into account the withdrawal of Brown Woods George LLP ("BWG"), my former co-counsel which

was supposed to fund and staff the prosecution of the actions. As I made clear in my submissions to the Court last month, I have neither the antitrust expertise nor financial resources to continue the case on my own. With BWG's withdrawal, and with no one retained to take their place, I would be violating my obligations under New York Rule of Professional Conduct ("RPC") 1.1 to continue as Plaintiffs' counsel. Therefore I should be permitted to withdraw under RPC 1.16(b)(1) (withdrawal <u>mandatory</u> when "the lawyer knows or reasonably should know that the representation will result in a violation of these Rules. . . .") and 1.16(c)(7) (withdrawal permitted where the client "otherwise renders the representation unreasonably difficult to carry out the employment effectively").

### BWG's Motion to Withdraw and the September 16, 2000 Conference

3.  At the September 16, 2010 conference (the "Conference"), this Court permitted BWG to withdraw and granted Plaintiffs a stay of 30 days in the above-captioned matters to locate replacement lead counsel. During the colloquy, the Court initially had conditioned its consent to our stay application on the Plaintiffs dropping their claims with prejudice if no substitute counsel was found. Plaintiffs agreed to this at first, until it became clear that Defendants would not reciprocate by dropping their counterclaims, though they needed more time to consider the possibility and to speak to counsel for their insurance carrier. Following the Court's instruction, Defendants notified the Court on September 24, 2010 that they would be unable to make a final decision regarding the counterclaims before the 30-day stay expires.

4.  In connection with their opposition to BWG's motion to withdraw, Plaintiffs submitted declarations in which they stated, among other matters, that it would be impossible for me to responsibly litigate these cases on my own. Especially with no funding, no antitrust experience and no support staff, Plaintiffs fully understood and supported the position I took on their behalf at the time: to oppose BWG's motion to withdraw or, in the alternative, to grant a

30-day stay of all proceedings so Plaintiffs could attempt to locate substitute counsel. In other words, they understood I could not handle the two cases on my own, and needed co-counsel to finance the case and help do the legal work. Mr. Simon-Whelan's and Ms. Shaer's Declarations dated September 8, 2010 are attached as Exhibits 1 and 2, respectively.

5. Plaintiffs were advised that if the cases were not settled and no replacement counsel found, I would be forced to withdraw and Plaintiffs would proceed *pro se*.

6. Plaintiff Susan Shaer attended the Conference in person and Joe Simon was consulted by telephone both before and during the Conference (he later also obtained the transcript of the Conference). In colloquy on the record, I made clear, as did my attorney Ronald C. Minkoff, that I could not continue the case on my own, and would be forced to seek to withdraw if new co-counsel could not be found. The Court noted my dilemma, and urged Defendants' carriers to accept the arrangement whereby each side dismissed its claims against the other. *See* Transcript of 9/16/10 Conference, p. 32 (attached as Exhibit 3).

**The Unsuccessful Effort to Find New Counsel**

7. During the past 30 days, I have worked diligently to locate replacement counsel. After interviewing several firms, large and small, I located a firm that was willing and able to represent Plaintiffs in these matters on reasonable terms, had a potential financing source, and was willing to negotiate subordination agreements with the law firms that had previously represented Plaintiffs and who now claim liens, including BWG. (Plaintiffs do not consent to any lien claims.) Plaintiffs, however, did not retain the firm that I located and advised me that they had no funds whatsoever to pay any amount of fees or expenses.

8. As soon as Plaintiffs' decision appeared final (last Friday), I called Defendants' counsel, Nicholas Gravante, and advised him that, unless something changed over the weekend, I

planned to move to withdraw on Monday, October 18, 2010. Mr. Gravante confirmed that Defendants would not oppose my withdrawal.

**I Should be Permitted to Withdraw**

9.   The terms of the written engagement letter between BWG and Mr. Joe Simon-Whelan, attached as Exhibit 4, specifically allow me to simultaneously withdraw as counsel if BWG withdraws. The engagement letter states: "In the event that Browne Woods George LLP withdraws as counsel, Redniss LLC shall also have the right to withdraw simultaneously." This provision was placed in the engagement letter for a reason: Mr. Simon-Whelan understood that I could not handle this litigation on my own: I had neither the antitrust nor federal court trial experience needed, nor did I have the staff or financial resources. BWG had been brought into the case precisely because they had those things. That firm's decision to renege on its agreement to work on and financially support the lawsuit, which eventually led to the firm being fired and then permitted to withdraw, has made it untenable for me to continue the case. Indeed, without the financial and manpower resources needed to support the case going forward and keep up with Defendants' continuous motion practice, my continuing in the case would violate RPC 1.1 ("Competent representation requires the legal knowledge, skill, *thoroughness and preparation* reasonably necessary for the representation") (emphasis added).

10.   Similarly, Plaintiffs either cannot or will not devote the financial resources necessary to continue the case, and BWG, which was contractually obligated to financially support the case, has been allowed to withdraw. This means that if the cases continue and I am required to remain as counsel, I will have to reach into my own pocket to pay expenses and hire attorneys – something which was never contemplated when this engagement began, and which I lack the resources to do. In addition, if I am forced to litigate these cases alone, I will be unable to meet obligations to my other clients. Withdrawal should be permitted under RPC 1.16(c)(7),

since requiring me to stay on with no manpower or financial help would make the representation "unreasonably difficult."

11. I have discussed my intention to seek to withdraw with both Plaintiffs on multiple occasions, including yesterday. Ms. Shaer, who personally attended the Conference, has confirmed her consent to my withdrawal in writing, and her latest declaration is attached as Exhibit 5. Mr. Simon-Whelan, though he had earlier given his consent (and signed the declaration attached as Exhibit 1 acknowledging that it was "impossible" for me to responsibly prosecute these cases alone), now states that he objects to my withdrawal and wants me to stay on as his counsel so I can continue to try to convince Defendants to drop their counterclaims as part of the mutual dismissal arrangement discussed at the Conference. Unless Defendants are willing to do this quickly, I cannot be expected to stay in the cases and continue to litigate for free while we await Defendants' decision.

12. I recognize that I remain counsel of record and am responsible for continuing to work on the cases until this motion is decided. Nevertheless, I respectfully request that the Court take whatever steps it can to obtain a speedy determination from Defendants' insurers, in the hope that this will enable the parties and the Court to avoid unnecessary work.

13. In accordance with this Court's Individual Practices, I have sent a copy of these motion papers by electronic mail to Mr. Simon-Whelan and Ms. Shaer.

14. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
October 18, 2010

_____
SETH REDNISS