UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JOE SIMON-WHELAN,

   Plaintiff,

                No. 07-CV-06423-LTS

  -v-

THE ANDY WARHOL FOUNDATION FOR
THE VISUAL ARTS, INC. ET AL.,

   Defendants.

-------------------------------------------------------------------x

ORDER

Plaintiff objects to the Court's November 18, 2025 Order (docket entry no. 132), which sealed certain exhibits attached to Plaintiff's pro se letter dated November 5, 2010 (see docket entry no. 130). The Court has reviewed carefully the parties' submissions (docket entry nos. 136-38, 143-44), and for the following reasons, Plaintiff's objections are sustained, and the exhibits are ordered to be unsealed and docketed on ECF.

Under Lugosch v. Pyramid Co. of Onondaga, federal courts undertake a three-part inquiry to address sealing and unsealing. 435 F.3d 110, 119 (2d Cir. 2006). First, the Court must determine whether the document at issue is a "judicial document." Id. A document is "judicial" when it is "relevant to the performance of the judicial function and useful in the judicial process." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). "A document is . . . relevant to the performance of the judicial function if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019)

(internal quotations and citations omitted).  If the document is "judicial" in nature, "a presumption of access attaches," and the Court must determine the "weight" to afford this presumption.  Lugosch, 435 F.3d at 119.  Finally, the Court "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access."  Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020) (citation omitted).

First, the documents at issue are "judicial."  Plaintiff's pro se November 5, 2010 letter and the accompanying exhibits are "judicial" because the letter makes various requests for judicial action.  (E.g., docket entry no. 130, at 1 (asking the Court to "order [Plaintiff's counsel] to conclude the litigation").)  While Plaintiff's November 5, 2010 letter was not docketed until February 25, 2011 (see docket entry no. 130),[1] months after this action was closed by a mutual settlement agreement, "the identification of a judicial document is a binary decision made as of the time of the document's filing," Giuffre v. Maxwell, 146 F.4th 165, 178 (2d Cir. 2025).  When Plaintiff filed his pro se letter, the case was not yet closed.[2]

The weight of the presumption of access that attaches to these judicial documents is strong because they "are used to determine litigants' substantive legal rights" and "directly affect an adjudication."  Lugosch, 435 F.3d at 121.  Thus, the Court turns to the third prong and those factors that weigh against public access.  The only countervailing consideration raised by Defendants is that "[s]everal of the [documents] bear 'CONFIDENTIAL' designations made under the December 18, 2009 Stipulation and Order Regarding Confidential Information, which

---

[1]   Plaintiff's November 5, 2010 letter was also docketed on February 15, 2011 (docket entry no. 128), but that docket entry is missing page 2.

[2]   The Court's November 18, 2025 Order stated that the documents at issue did not "appear to be 'judicial documents.'"  (Docket entry no. 132, at 1.)  With the benefit of more detailed briefing, the Court definitively finds that the documents are in fact "judicial."

remains in effect." (Docket entry no. 143, at 17.) "This interest is weak and does not justify sealing here, especially because Defendants have not made any attempt to . . . defend their designation decisions."[3] Great W. Ins. Co. v. Graham, No. 18-CV-06249-LTS-SN, 2026 WL 34966, at *15 (S.D.N.Y. Jan. 6, 2026); Fed. Trade Comm'n v. Quincy Bioscience Holding Co., Inc., No. 17-CV-0124-LLS, 2023 WL 3919217, at *1 (S.D.N.Y. Mar. 7, 2023) ("The existence of a protective order is not a compelling reason to justify sealing judicial documents." (citing Lugosch, 435 F.3d at 126)). Furthermore, for the past 15 years, the documents have been (inadvertently) publicly accessible.[4] "The genie is out of the bottle," and Defendants proffer no compelling reasons to attempt to put the genie back. Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir. 2004). In any event, the Court lacks "the means to put the genie back." Id.

---

[3] Defendants argue that Plaintiff had to follow the "protective order['s] . . . procedures for objecting to confidentiality designations," and that Plaintiff failed to do so. (Docket entry no. 143, at 17.) Defendants further contend that the "protective order requires a document-by-document review to balance the [Defendants'] confidentiality designations against any asserted public interest," and that "[n]o justification exists to force the [Defendants] to undertake that burden here." (Id.) Defendants miscomprehend the applicable standard. "In deciding whether to seal or unseal filed materials, a court properly conducts [the] three-step [Lugosch] inquiry." Giuffre, 146 F.4th at 175. Under this framework, "the burden of justifying sealing rests with the party seeking sealing." Emigrant Bank v. SunTrust Bank, No. 20-CV-2391-PGG-OTW, 2025 WL 3140423, at *2 (S.D.N.Y. Nov. 10, 2025) (citing DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997)).

[4] As the Court's November 18, 2025 Order explains, the documents at issue were inadvertently deposited in the Court's Open Records Room from February 2011 until November 2025. (Docket entry no. 132.)

For the foregoing reasons, the exhibits attached to Plaintiff's pro se November 5, 2010 letter (see docket entry no. 130) are ordered to be unsealed and docketed on ECF.  This resolves docket entry no. 136.

SO ORDERED.

Dated: New York, New York
       March 10, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge